# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI, | CASE NO. 1:13-cv-00423-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| USA, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____ / | |

## First Screening Order

**I.      Screening Requirement and Standard**

Plaintiff Arthur Torlucci, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*

3  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4  indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6  conclusions are not.  *Iqbal*, 556 U.S. at 678.

7       Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

8  resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,

9  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

10  screening, which requires sufficient factual detail to allow the Court to reasonably infer that each

11  named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks

12  omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that

13  a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

14  satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572

15  F.3d at 969.

16  **II.    Discussion**

17       On May 12, 2012, Plaintiff filed a habeas petition in the Sacramento Division of the Eastern

18  District of California, case number 2:12-cv-01475-WBS-EFB *Torlucci v. Cate*.  The Court found

19  that Plaintiff was challenging his conditions of confinement and it dismissed the action on November

20  1, 2012, for lack of jurisdiction, without leave to amend but without prejudice to filing a civil rights

21  action.  (Docs. 6, 9.)

22       Plaintiff then filed a civil rights complaint on March 22, 2013.  However, the complaint sets

23  forth no facts giving rise to any cognizable claims for relief.  Plaintiff's complaint is rambling and

24  disjointed, but he seeks money damages, to be freed from the illegal custody of the California

25  Department of Corrections and Rehabilitation, to have his conviction expunged, to have the

26  Hollywood PD busted, and the imprisonment of the defendants.  Plaintiff mentions a claim relating

27  to "medical-psych-custody" and he cites to RLUIPA, but he also alleges that Judge Robert J. Perry

28  used the wrong legal standard to deny Plaintiff relief in state court in 1999 and he mentions the

1  Hollywood PD's involvement in a crime ring.  (Comp., court record pp. 3-4.)  In addition to citing

2  to the Sacramento Division case, *Torlucci v. Cate*, Plaintiff cites to a Northern District of California

3  case number.

4        Plaintiff's complaint fails to state any claims upon which relief may be granted, and the Court

5  will provide Plaintiff with an opportunity to file an amended complaint.  Plaintiff is advised to take

6  note of the following standards.

7        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

8  federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092

9  (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v.*

10  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link

11  between actions or omissions of each named defendant and the violation of his rights; there is no

12  *respondeat superior* liability under section 1983.  *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949;

13  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*,

14  588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

15        Plaintiff is incarcerated at Kern Valley State Prison (KVSP) and a suit challenging his

16  conditions of confinement there is properly brought in the Fresno Division of the Eastern District

17  of California.  Plaintiff must allege facts linking named defendants to actions or omissions which

18  violated his rights, however.  To the extent that Plaintiff is seeking to litigate mental health or

19  medical care at KVSP, negligent medical care does not support a claim for relief under section 1983.

20  *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 106,

21  97 S.Ct. 285 (1977)).  While the Eighth Amendment of the United States Constitution entitles

22  Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with

23  deliberate indifference to an inmate's serious medical needs.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680

24  F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

25        Furthermore, Plaintiff may not, in this civil rights action, challenge his conviction or the

26  length of his sentence, *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Preiser v.*

27  *Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973), and Plaintiff may not sue judges based on his

28  disagreement with the decisions they made in his cases, *Cleavinger v. Saxner*, 474 U.S. 193, 199-

1  200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978);

2  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v.*

3  *Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

4  **III.   Conclusion and Order**

5         Plaintiff's complaint fails to state any claims upon which relief may be granted under section

6  1983.  The Court is required to provide Plaintiff with the opportunity to file an amended complaint.

7  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

8  Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

9         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983,

10  it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

11  rights and liability may not be imposed on supervisory personnel under the theory of mere

12  *respondeat superior*.  *Iqbal*, 556 U.S. at 676-77; *Snow*, 681 F.3d at 989; *Starr v. Baca*, 652 F.3d

13  1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the

14  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."

15  *Twombly*, 550 U.S. at 555 (citations omitted).

16         Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*,

17  693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference

18  to the prior or superceded pleading," Local Rule 220.

19         Accordingly, it is HEREBY ORDERED that:

20     1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims

21            under section 1983;

22     2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

23     3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

24            amended complaint; and

25  ///

26  ///

27  ///

28  ///

4

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2          action will be dismissed, with prejudice, for failure to state a claim under section

3          1983.

4

5    IT IS SO ORDERED.

6    **Dated:    April 1, 2013**                         /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28