# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI,<br><br>           Plaintiff,<br><br>     v.<br><br>USA, et al.,<br><br>           Defendants. | CASE NO. 1:13-cv-00423-SKO PC<br><br>SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Docs. 6 and 8)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

**Second Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Arthur Torlucci, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2013. On April 2, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. On April 10, 2013, Plaintiff filed an amended complaint and on April 17, 2013, Plaintiff filed a supplemental complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*
7  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
8  indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
9  (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal
10 conclusions are not. *Iqbal*, 556 U.S. at 678.

11       Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
12 resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,
13 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
14 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
15 named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks
16 omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that
17 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
18 satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572
19 F.3d at 969.

20 **II.**   **Discussion**

21       In the first screening order, the Court stated:

22     On May 12, 2012, Plaintiff filed a habeas petition in the Sacramento Division of the
    Eastern District of California, case number 2:12-cv-01475-WBS-EFB *Torlucci v.*
23     *Cate*. The Court found that Plaintiff was challenging his conditions of confinement
    and it dismissed the action on November 1, 2012, for lack of jurisdiction, without
24     leave to amend but without prejudice to filing a civil rights action. (Docs. 6, 9.)

25     Plaintiff then filed a civil rights complaint on March 22, 2013. However, the
    complaint sets forth no facts giving rise to any cognizable claims for relief.
26     Plaintiff's complaint is rambling and disjointed, but he seeks money damages, to be
    freed from the illegal custody of the California Department of Corrections and
27     Rehabilitation, to have his conviction expunged, to have the Hollywood PD busted,
    and the imprisonment of the defendants. Plaintiff mentions a claim relating to
28     "medical-psych-custody" and he cites to RLUIPA, but he also alleges that Judge

> Robert J. Perry used the wrong legal standard to deny Plaintiff relief in state court in 1999 and he mentions the Hollywood PD's involvement in a crime ring. (Comp., court record pp. 3-4.) In addition to citing to the Sacramento Division case, *Torlucci v. Cate*, Plaintiff cites to a Northern District of California case number.
>
> Plaintiff's complaint fails to state any claims upon which relief may be granted, and the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is advised to take note of the following standards.
>
> Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.
>
> Plaintiff is incarcerated at Kern Valley State Prison (KVSP) and a suit challenging his conditions of confinement there is properly brought in the Fresno Division of the Eastern District of California. Plaintiff must allege facts linking named defendants to actions or omissions which violated his rights, however. To the extent that Plaintiff is seeking to litigate mental health or medical care at KVSP, negligent medical care does not support a claim for relief under section 1983. *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)). While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).
>
> Furthermore, Plaintiff may not, in this civil rights action, challenge his conviction or the length of his sentence, *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973), and Plaintiff may not sue judges based on his disagreement with the decisions they made in his cases, *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

(Doc. 5, Screening Order, 2:17-4:3.)

Plaintiff's amended and supplemental complaints fail to cure any of the deficiencies identified by the Court in the first screening order. The pleadings are once again rambling, disjointed, and difficult to decipher. Although Plaintiff makes references to RLUIPA and medical care, among other conditions of confinement, the allegations are universally vague and confusing, at best. Furthermore, Plaintiff appears to be attempting in part to attack his 1996 conviction, despite the admonition that he may *not* challenge his conviction or his sentence in this civil rights action.

*Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

Plaintiff's amended complaint and supplemental complaints fail to set forth any facts supporting a claim that his constitutional or other federal rights were violated by prison officials or anyone else acting under color of law.  *Iqbal*, 556 U.S. at 676-77; *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  As a result, Plaintiff fails to state any claims upon which relief may be granted under section 1983.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983.  Plaintiff was previously provided with the opportunity to file an amended complaint and based on the deficiencies at issue, further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   April 29, 2013**                        /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE