# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI,<br><br>        Plaintiff,<br><br>   v.<br><br>USA, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:13-cv-00423-SKO PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 16) |

Plaintiff Arthur Torlucci, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2013. On April 30, 2013, this action was dismissed, with prejudice, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. On May 13, 2013, Plaintiff filed a motion for reconsideration. Fed. R. Civ. P. 60(b)(6).

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed. R. Civ. Pro. 60(b); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

utilized only where extraordinary circumstances exist.[1] *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

In this instance, Plaintiff's motion demonstrates nothing more than his disagreement with the dismissal of this action and entry of judgment. The motion is devoid of any grounds supporting reconsideration of the dismissal order.[2]

///
///
///
///
///

---

[1] Plaintiff cites to Rule 60(b)(6) mainly, but his motion also suggests other grounds for relief under Rule 60, including newly discovered evidence pertaining to his conviction. In light of the ground for dismissal in this action, the arguments contained in Plaintiff's motion offer no support for the application of Rules 60(b)(1) through 60(b)(5). To the extent Plaintiff is entitled to any relief, he is limited to Rule 60(b)(6).

[2] In part, Plaintiff appears to be improperly conflating decisions rendered in other court cases with the decision rendered in this case. Plaintiff was already informed that he may not challenge his criminal conviction or sentence in *this* action. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

Accordingly, Plaintiff's motion for reconsideration, filed on May 13, 2013, is HEREBY DENIED, with prejudice.  **Any further recourse must be sought from the appellate court through the filing of a notice of appeal.**

IT IS SO ORDERED.

**Dated:   May 16, 2013**                             /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE